THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
* * * * * * * * * * * * * * * * * * * * * * * *
DIEDRA LOUISE PACE and              *
THOMAS PACE                         *
112 Conque Drive                    *
Lafayette, LA 70506                 *
                                    *
                Plaintiffs,         *    CIVIL ACTION _____
                                    *
        vs.                         *    SUPERIOR COURT NO. 0001894-07
                                    *
ELI LILLY AND COMPANY,              *
Lilly Corporate Center              *
Indianapolis, IN  46285             *
                                    *
                Defendant.          *
* * * * * * * * * * * * * * * * * * * * * * * *
```

**DEFENDANT ELI LILLY AND COMPANY'S
ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers by like numbered paragraphs the Complaint filed in this action as follows:

Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving, all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

1.      Whether this Court has jurisdiction under 11 D.C. Code § 921 is a legal question to which no response is required. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Complaint.

2.      In response to the allegations contained in Paragraph 2 of the Complaint, Lilly states that it did sell and distribute DES in the District of Columbia. Lilly also states that it is doing business in the District of Columbia and that the U.S. Food and Drug Administration ("FDA") approved Lilly's sales of DES and declared that the drug was generally recognized as

safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

### COUNT I – NEGLIGENCE

3. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 concerning the alleged prescription, purchase and ingestion of diethylstilbestrol. To the extent a response is required, however, Lilly denies such allegations. Lilly denies all other allegations in Paragraph 3 of the Complaint.

4. Lilly denies the allegations contained in Paragraph 4 of the Complaint.

5. Lilly denies the allegations contained in Paragraph 5 of the Complaint.

### COUNT II - STRICT LIABILITY

6. Lilly repeats and realleges its answers in Count I above.

7. Lilly denies the allegations in Paragraph 7 of the Complaint.

8. Lilly denies the allegations contained in Paragraph 8 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES. Except as already stated, Lilly denies the allegations contained in Paragraph 8 of the Complaint.

9. Lilly denies the allegations in Paragraph 9 of the Complaint.

10. Lilly denies the allegations in Paragraph 10 of the Complaint.

11. Lilly denies the allegations in Paragraph 11 of the Complaint.

12. Lilly denies the allegations in Paragraph 12 of the Complaint.

13. Lilly denies the allegations in Paragraph 13 of the Complaint.

### COUNT III - BREACH OF WARRANTY

14. Lilly repeats and realleges its answers in Counts I and II above.

15. Lilly denies the allegations contained in Paragraph 15 as stated, but admits

that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature. Except as already stated, Lilly denies the allegations contained in Paragraph 15 of the Complaint.

16. Lilly denies the allegations in Paragraph 16 of the Complaint.

17. Lilly denies the allegations in Paragraph 17 of the Complaint.

18. Lilly denies the allegations in Paragraph 18 of the Complaint.

### COUNT IV - MISREPRESENTATION

19. Lilly repeats and realleges its answers in Counts I, II and III above.

20. Lilly denies the allegations in Paragraph 20 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature. Except as already stated, Lilly denies the allegations contained in Paragraph 20 of the Complaint.

21. Lilly denies the allegations in Paragraph 21 of the Complaint.

22. Lilly denies the allegations in Paragraph 22 of the Complaint.

23. Lilly denies the allegations in Paragraph 23 of the Complaint.

### COUNT V – LOSS OF CONSORTIUM

24. Lilly repeats and realleges its answers in counts I, II, III, and IV above

25. Lilly is without knowledge as to the first sentence of Paragraph 25. Lilly denies the remaining allegations contained in Paragraph 25 of the Complaint. Further answering, Lilly denies that Plaintiffs are entitled to judgment of any kind against Lilly.

### AFFIRMATIVE AND OTHER DEFENSES

Lilly reserves the right to amend its Answer and/or amend or add defenses to

conform to such facts as may be revealed in discovery or otherwise. Without assuming the burden of proof of such defenses that it would not otherwise have, Lilly affirmatively asserts the following defenses:

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

### THIRD DEFENSE

The claims set forth in the Complaint are barred because Plaintiffs' alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Lilly had no control.

### FOURTH DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to diethylstilbestrol.

### FIFTH DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

### SIXTH DEFENSE

Plaintiffs' claims are subject to the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement

(Second) of Torts, Section 402A, comments j and k, and Sections 4 and 6 of the Restatement (Third) of Torts: Products Liability.

### SEVENTH DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating diethylstilbestrol and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time diethylstilbestrol was manufactured.

### EIGHTH DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of diethylstilbestrol outweighed any foreseeable risks of harm.

### NINTH DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

### TENTH DEFENSE

The claims set forth in the Complaint are barred because Lilly breached no warranty, express or implied, to Plaintiffs or to Plaintiff's mother.

### ELEVENTH DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

### TWELFTH DEFENSE

Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as any product allegedly ingested by Plaintiff's mother was properly prepared in accordance with the applicable standard of care.

## THIRTEENTH DEFENSE

Plaintiffs' alleged damages were not caused by any failure to warn on the part of Lilly.

## FOURTEENTH DEFENSE

Each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, from collateral sources.

## FIFTEENTH DEFENSE

To the extent applicable, Lilly is entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiffs' alleged injuries and damages.

## SIXTEENTH DEFENSE

The design, testing, and labeling of diethylstilbestrol was in conformity with the generally recognized and prevailing state of the art, i.e., the best technology reasonably available in the industry at the time diethylstilbestrol was first sold to any person not engaged in the business of selling such product.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs were, or should have been, aware of the known risks associated with the use of diethylstilbestrol.

## EIGHTEENTH DEFENSE

Plaintiffs' Complaint is defective in that Plaintiffs have failed to join indispensable parties.

## NINETEENTH DEFENSE

Plaintiffs failed to give adequate or timely notice to Lilly of any alleged breach of

warranty after Plaintiffs discovered or should have discovered such alleged breach and is, therefore, barred from any recovery for such claims.

## TWENTIETH DEFENSE

Should Lilly be held liable, which liability is specifically denied, Lilly would be entitled to a set-off of all sums of money received or available from or on behalf of any tortfeasors for the same injuries alleged in the Complaint.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred and preempted by Lilly's compliance with the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

## TWENTY-SECOND DEFENSE

There is no privity between Plaintiffs and this defendant; therefore, Plaintiffs are barred from bringing any claims in which privity is an element. Further, Plaintiffs' warranty claims are barred because Plaintiffs did not rely on any alleged warranty from Lilly and/or did not timely notify Lilly of any alleged breach of warranty.

## TWENTY-THIRD DEFENSE

The alleged injuries to Plaintiffs are not the result of any act or omission of Lilly but, rather, result from an act of God.

## TWENTY-FOURTH DEFENSE

Any alleged injuries cause by diethylstilbestrol (which causal connection Lilly has denied and continues to deny) are not the result of any act or omission of Lilly, but rather the result of the misuse of diethylstilbestrol by Plaintiff's mother, which misuse bars the plaintiffs from any recovery against Lilly.

### TWENTY-FIFTH DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiffs were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

### TWENTY-SIXTH DEFENSE

Lilly had no duty to warn about any possible dangers in using diethylstilbestrol that were not known at the time of manufacture and sale of the product.

### TWENTY-SEVENTH DEFENSE

Any damages sustained by Plaintiffs were caused by or contributed to by modification, alterations or maintenance of diethylstilbestrol after said prescription drug left the care, custody or control of Lilly.

### TWENTY-EIGHTH DEFENSE

Lilly denies any negligence or wrongdoing, denies it is liable under any theory of strict liability, and denies that diethylstilbestrol contributed to Plaintiffs' alleged injuries, losses or damages.

### TWENTY-NINTH DEFENSE

Plaintiffs' causes of action are barred in whole or in part by the lack of a defect, as any diethylstilbestrol ingested by Plaintiff's mother was properly prepared in accordance with the applicable standard of care.

### THIRTIETH DEFENSE

Plaintiffs' product liability causes of action are barred because diethylstilbestrol was consistent with or exceeded consumer expectations.

### THIRTY-FIRST DEFENSE

This court lacks personal jurisdiction over Defendant Eli Lilly.

### THIRTY-SECOND DEFENSE

Venue is improper.

### THIRTY-THIRD DEFENSE

Plaintiffs' breach of warranty claims are barred by the Uniform Commercial Code as enacted in Rhode Island.

### THIRTY-FOURTH DEFENSE

To the extent applicable, Lilly specifically asserts the defenses of comparative negligence and comparative assumption of risk. To the extent that Lilly contributed to Plaintiffs' damages, if any, then Lilly asserts the application of the Rhode Island Comparative Negligence Act, R.I.G.L. §9-20-4. In the event that Lilly is found jointly or severally liable with any other tortfeasor or with multiple tortfeasors, Lilly reserves its right of contribution to the extent that it has to pay more than Lilly's pro rata share of the common liability consistent with the provisions set forth in the Rhode Island Comparative Negligence Act and other applicable law.

### JURY DEMAND

Defendant Eli Lilly and Company demands a trial by jury on all issues.

WHEREFORE, having fully answered Plaintiffs' Complaint, Lilly prays as follows:

1.  That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs

take nothing thereby;

        2.     That Lilly be awarded its costs and disbursements herein to be taxed as provided by law.

Respectfully submitted,

*/s/ John Chadwick Coots*

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783-8400; Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 4th day of April, 2007, a true and accurate copy of Defendant Eli Lilly and Company's Answer to Plaintiffs' Complaint has been furnished by first-class U.S. Mail, postage prepaid, to counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036

**Attorney for Plaintiffs**

*/s/ John Chadwick Coots*
ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY