IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS PACE, Individually, and as Personal Representative of the Estate and Beneficiaries of DIEDRA PACE, Deceased,<br><br>      Plaintiff,<br><br>  v.<br><br>ELI LILLY AND COMPANY,<br><br>      Defendant. | Civil Action No.: 1:07-cv-00635-RMU/AK<br>Next Event: Mediation with Magistrate Kay on April 11, 2008 at 10:30 a.m. |

**CONSENT MOTION FOR LEAVE TO AMEND-
SUGGESTION OF DEATH COMPLAINT**

COMES NOW the Plaintiff, Thomas Pace, Individually, and as personal representative of the Estate of Decedent, Diedra Pace, and as Father, Guardian and Next Friend of the minor children of Decedent, Diedra Pace, by and through counsel, and moves this Court for leave to amend the complaint, substituting Plaintiff Thomas Pace for Plaintiff Diedra Pace, adding new counts for Wrongful Death and Survivorship, and as grounds therefor state:

1.    Plaintiff Diedra Pace died on or about January 26, 2008. Plaintiff is survived by Thomas Pace and their two minor children, and will bring the aforementioned claim Individually and as the personal representative of the Estate, and as Father, Guardian and Next Friend of the minor children, in accordance and conformity with the Louisiana Wrongful Death Act. (See La. C.C. Arts. 2315.1 and 2315.2 attached hereto).

2.    Defendant Eli Lilly and Company has consented to the filing of this Amended Complaint.

WHEREFORE, Plaintiff prays that this Court grant Plaintiff Thomas Pace, Individually, as

personal representative of the decedent Diedra Pace, and as Father, Guardian and Next Friend of

leave to file an Amended Complaint as attached hereto.

>Respectfully submitted,
>
>AARON M. LEVINE & ASSOCIATES
>
>  /s/ Aaron M. Levine
>AARON M. LEVINE, #7864
>1320 19th Street, N.W., Suite 500
>Washington, DC   20036
>Telephone: 202-833-8040
>Facsimile: 202-833-8046

## LOCAL RULE 7.1 (m) CERTIFICATION

Consent to the foregoing Motion to Amend Complaint was requested of and granted by counsel for Defendant Eli Lilly and Company.

>  /s/ Aaron M. Levine

La. C.C. Art. 2315.1 (2007)

Art. 2315.1. Survival action

A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:

(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.

(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.

(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

B. In addition, the right to recover all damages for injury to the deceased, his property or otherwise, caused by the offense or quasi offense, may be urged by the deceased's succession representative in the absence of any class of beneficiary set out in Paragraph A.

C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.

D. As used in this Article, the words "child", "brother", "sister", "father", "mother", "grandfather", and "grandmother" include a child, brother, sister, father, mother, grandfather, and grandmother by adoption, respectively.

E. For purposes of this Article, a father or mother who has abandoned the deceased during his minority is deemed not to have survived him.

History:

Acts 1986, No. 211, § 2; Acts 1987, No. 675, § 1; Acts 1997, No. 1317, § 1, eff. July 15, 1997.

La. C.C. Art. 2315.2 (2007)

Art. 2315.2. **Wrongful death** action

A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:

(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.

(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.

(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

B. The right of action granted by this Article prescribes one year from the death of the deceased.

C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.

D. As used in this Article, the words "child", "brother", "sister", "father", "mother", "grandfather", and "grandmother" include a child, brother, sister, father, mother, grandfather, and grandmother by adoption, respectively.

E. For purposes of this Article, a father or mother who has abandoned the deceased during his minority is deemed not to have survived him.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS PACE, Individually, and as  ]
Personal Representative of the Estate  ]
and Beneficiaries of DIEDRA PACE,  ]
Deceased,  ]
  ]
      Plaintiff,  ]
  ]
  v.  ]  Civil Action No.: 1:07-cv-00635-RMU/AK
  ]  Next Event: Mediation with Magistrate Kay
ELI LILLY AND COMPANY,  ]      on April 11, 2008 at 10:30 a.m.
  ]
      Defendant.  ]

**AMENDED COMPLAINT**
**(DES Litigation - Products Liability, Wrongful Death, Survivorship, Loss of Consortium)**

    1.    Plaintiff, Thomas Pace, the personal representative of the Estate of Diedra Pace (Deceased), is a citizen of the United States and resident of the state of Louisiana. He brings this case Individually, and on behalf of the Estate of Diedra Pace, deceased, and on behalf of himself, as surviving spouse and as Father, Guardian, and Next Friend, of J.T.P. and S.L.P., the minor children of the Decedent, and as beneficiary of the estate of Decedent, under the Louisiana Wrongful Death Act.

    2.    Defendant is a resident of and has its principle place of business in the State of Indiana and is the manufacturer of Diethylstilbestrol (hereinafter referred to as "DES"), who sold and promoted the drug to the mother of the Decedent in 1967. Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia. Defendant met with and conspired with numerous pharmaceutical manufacturers in the District of Columbia prior to obtaining governmental approval for diethylstilbestrol ("DES"). Defendant spearheaded industry-

wide conferences in the District of Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety. These meetings, conferences and agreements occurred in the District of Columbia.

**COUNT I**
**(Wrongful Death - Negligent Failure to Warn)**

3. On or about 1967, during her pregnancy with the Decedent, Diedra Pace, the mother of the Decedent bought and ingested DES in Rhode Island. Her physician prescribed said drug during the pregnancy. Said drug was manufactured and sold by Defendant Eli Lilly and Company.

4. It was the duty of the Defendant to adequately warn Decedent's mother, her attending physician(s) and the Decedent as to the risks of DES as to safety and efficacy at the time of the Decedent's *in utero* exposure to DES.

5. Defendant negligently failed to adequately warn Decedent's mother, attending physician(s) and Decedent of DES risks as to safety and efficacy of DES.

6. As a result of said negligence, Decedent was exposed *in utero* to DES, and she suffered injuries, including, but not limited to, clear cell adenocarcinoma of the cervix, radiation therapy, chemotherapy, pain and suffering, medical expenses, loss of wages, enjoyment of life and her fatal demise on or about January 26, 2008.

7. As a result of the injuries and wrongful death of the Decedent, Decedent's estate incurred expenses, pecuniary losses, loss of service, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, marital care, filial care, attention, advise, counsel, training, guidance, education, and consortium.

## COUNT II
### (Wrongful Death - Negligent Failure to Test)

8. All of the allegations contained in Count I are re-alleged and incorporated herein by reference.

9. Defendant had a duty to fully and adequately test DES, as to its safety and efficacy, before seeking FDA approval and continuing to sell DES for use in accidents of pregnancy.

10. Defendant negligently failed to test DES in any regard to its safety and efficacy.

11. As a result of Defendant's said negligence, Decedent Diedra Pace was injured as aforesaid, and her estate has incurred losses and damages as aforesaid.

## COUNT III
### (Wrongful Death - Strict Liability)

12. All of the allegations contained in Counts I and II are re-alleged and incorporated herein by reference.

13. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

14. Defendant is engaged, or has been engaged, in the business of producing DES, and is, or has been, a commercial manufacturer of said drug.

15. Decedent's mother purchased and ingested DES during her pregnancy with Decedent, and received and ingested DES in the same form and condition as when it left Defendant's possession.

16. Said product was defective when placed on the market by Defendant. DES was sold by the Defendant without sufficient warnings or instructions. A reasonable seller would not have

sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

17. Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

18. As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Decedent was exposed to DES as an unborn child and was injured as aforesaid, and her estate has incurred losses and damages as aforesaid.

19. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to the Plaintiff and Decedent's estate for their DES-related injuries, losses and damages.

## COUNT IV
**(Wrongful Death - Breach of Warranty)**

20. All of the allegations contained in Counts I through III are re-alleged and incorporated herein by reference.

21. At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

22. Defendant knew, or should have known, that pregnant women, including the mother

of Decedent and her attending physicians, were relying on Defendant's skill and judgments, and the implied and express warranties and representations.

23. At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

24. As a direct result of the breach of warranties by the Defendant, Decedent Diedra Pace was injured as aforesaid, and her estate has incurred losses and damages as aforesaid.

## COUNT V
### (Wrongful Death - Misrepresentation)

25. All of the allegations contained in Counts I through IV are re-alleged and incorporated herein by reference.

26. Defendant represented to pregnant women, including the mother of the Decedent and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

27. The mother of the Decedent and her attending physicians did, in fact, rely on Defendant's representations in their advice about purchase, use, and consumption of DES.

28. At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

29. As a direct result of said false representations by Defendant, Decedent Diedra Pace

was injured as aforesaid, and her estate has incurred losses and damages as aforesaid.

## COUNT VI
### (Loss of Consortium)

30. All of the previous allegations contained in Counts I through V are re-alleged and incorporated herein by reference.

31. Plaintiff Thomas Pace was the husband of Decedent, Diedra Pazce. As a result of the negligent failure to warn, negligent failure to test, strict liability, breach of warranty and misrepresentation of the Defendant as aforesaid, Plaintiff Thomas Pace was deprived of the love, services, affection and consortium of his decedent wife, Diedra Pace.

## COUNT VII
### (Survivorship - Negligent Failure to Warn)

32. All of the previous allegations contained in Counts I through VI are re-alleged and incorporated herein by reference.

33. The injuries to the Decedent were such that she could have brought this suit during her lifetime.

34. Said injuries were the result of the negligence of the Defendant, including, but not limited to, failure to warn, over-promotion of DES, and failure to heed and report adverse studies regarding the safety and efficacy of DES.

35. As a result of the wrongful death by Defendant as aforesaid, Decedent suffered conscious pain and suffering, loss of earnings, incurred medical and surgical expenses, funeral expenses and suffered pecuniary losses.

## COUNT VIII
### (Survivorship - Negligent Failure to Test)

36. All of the previous allegations contained in Counts I through VII are re-alleged and incorporated herein by reference.

37. Said injuries were the result of the negligence of the Defendant, including, but not limited to, failure to test regarding the safety and efficacy of DES.

38. As a result of the wrongful death by Defendant as aforesaid, Decedent suffered conscious pain and suffering, loss of earnings, incurred medical and surgical expenses, funeral expenses and suffered pecuniary losses.

### COUNT IX
### (Survivorship - Strict Liability)

39. All of the previous allegations contained in Counts I through VIII are re-alleged and incorporated herein by reference.

40. As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Decedent has been injured as aforesaid.

### COUNT X
### (Survivorship - Breach of Warranty)

41. All of the previous allegations contained in Counts I through IX are re-alleged and incorporated herein by reference.

42. As a direct result of the breach of warranties by the Defendant, Decedent has been injured as aforesaid.

### COUNT XI
### (Survivorship - Misrepresentation)

43. All of the previous allegations contained in Counts I through XIare re-alleged and incorporated herein by reference.

44. As a direct result of said false representations by Defendant, Decedent has been injured as aforesaid.

**WHEREFORE**, Plaintiff Thomas Pace, as personal representative of the estate and beneficiaries of Diedra Pace demands judgment against Defendant in the sum of FIVE MILLION DOLLARS ($5,000,000.00), as compensatory damages, plus costs.

**WHEREFORE,** Plaintiff Thomas Pace, Individually demands judgment against Defendant in the sum of ONE MILLION DOLLARS ($1,000,000.00), as compensatory damages, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

/s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 19th Street, N.W., Suite 500
Washington, DC   20036
202-833-8040

Counsel for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues of material facts.

/s/ Aaron M. Levine

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS PACE, Individually, and as Personal Representative of the Estate and Beneficiaries of DIEDRA PACE, Deceased, ]<br><br>Plaintiff, ]<br><br>v. ]<br><br>ELI LILLY AND COMPANY, ]<br><br>Defendant. ] | Civil Action No.: 1:07-cv-00635-RMU/AK<br>Next Event: Mediation with Magistrate Kay on April 11, 2008 at 10:30 a.m. |

**[PROPOSED] ORDER**

UPON CONSIDERATION of the Consent Motion for Leave to Amend - Suggestion of Death Complaint, and for good cause shown, it is this _____ day of _____, 2008,

ORDERED, that the Motion be and hereby is GRANTED;

AND IT IS FURTHER ORDERED, that Plaintiff's Amended Complaint herein is deemed filed as of the date of this Order.

_____
RICARDO M. URBINA
United States District Judge