THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THOMAS PACE, Individually, and as**     \*
**Personal Representative of the Estate**     \*
**And Beneficiaries of DIEDRA PACE,**     \*
**Deceased,**     \*
    \*
           **Plaintiff,**     \*    **CIVIL ACTION No. 1:07-CV-00635**
    \*
      **v.**     \*
    \*
**ELI LILLY AND COMPANY,**     \*
    \*
          **Defendant**.     \*
    \*
    \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT ELI LILLY AND COMPANY'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers by like numbered paragraphs the Amended Complaint filed in this action as follows:

Answers to each paragraph of the Amended Complaint by Lilly are made without waiving, but expressly reserving, all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Amended Complaint.

1. Lilly is without knowledge as to the first sentence in Paragraph 1 of the Amended Complaint. Lilly admits that Plaintiff purports to bring this action under the Louisiana Wrongful Death Act, however Lilly denies that Plaintiff is entitled to a judgment of any kind against Lilly. The remaining allegations in Paragraph 1 of the Amended Complaint are legal questions to which no response is required. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Amended Complaint.

2. In response to the allegations contained in Paragraph 2 of the Amended

- 2 -

Complaint, Lilly states that it did sell and distribute DES in the District of Columbia. Lilly admits that it is a resident of Indiana and has its principle place of business in Indiana. Lilly also states that it is doing business in the District of Columbia and that the U.S. Food and Drug Administration ("FDA") approved Lilly's sales of DES and declared that the drug was generally recognized as safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the allegations contained in Paragraph 2 of the Amended Complaint.

## COUNT I

### (Wrongful Death – Negligent Failure to Warn)

3. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 concerning the alleged prescription, purchase and ingestion of diethylstilbestrol. To the extent a response is required, however, Lilly denies such allegations. Lilly denies all other allegations in Paragraph 3 of the Amended Complaint.

4. Lilly denies the allegations in Paragraph 4 of the Amended Complaint.

5. Lilly denies the allegations in Paragraph 5 of the Amended Complaint.

6. Lilly denies the allegations in Paragraph 6 of the Amended Complaint.

7. Lilly denies the allegations in Paragraph 7 of the Amended Complaint.

## COUNT II

### (Wrongful Death – Negligent Failure to Test)

8. Lilly repeats and realleges its answers in Count I above.

9. Lilly denies the allegations in Paragraph 9 of the Amended Complaint.

10. Lilly denies the allegations in Paragraph 10 of the Amended Complaint.

11. Lilly denies the allegations in Paragraph 11 of the Amended Complaint.

## COUNT III

**(Wrongful Death – Strict Liability)**

12. Lilly repeats and realleges its answers in Counts I through II above.

13. Lilly denies the allegations in Paragraph 13 of the Amended Complaint.

14. Lilly denies the allegations contained in Paragraph 14 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature. Except as already stated, Lilly denies the allegations contained in Paragraph 14 of the Amended Complaint.

15. Lilly denies the allegations in Paragraph 15 of the Amended Complaint.

16. Lilly denies the allegations in Paragraph 16 of the Amended Complaint.

17. Lilly denies the allegations in Paragraph 17 of the Amended Complaint.

18. Lilly denies the allegations in Paragraph 18 of the Amended Complaint.

19. Lilly denies the allegations in Paragraph 19 of the Amended Complaint.

## COUNT IV

**(Wrongful Death – Breach of Warranty)**

20. Lilly repeats and realleges its answers in Counts I through III above.

21. Lilly denies the allegations in Paragraph 21 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature. Except as already stated, Lilly denies the allegations contained in Paragraph 21 of the Amended Complaint.

22. Lilly denies the allegations in Paragraph 22 of the Amended Complaint.

23. Lilly denies the allegations in Paragraph 23 of the Amended Complaint.

24. Lilly denies the allegations in Paragraph 24 of the Amended Complaint.

## COUNT V

### (Wrongful Death – Misrepresentation)

25. Lilly repeats and realleges its answers in Counts I through IV above.

26. Lilly denies the allegations in Paragraph 26 of the Amended Complaint.

27. Lilly denies the allegations in Paragraph 27 of the Amended Complaint.

28. Lilly denies the allegations in Paragraph 28 of the Amended Complaint.

29. Lilly denies the allegations in Paragraph 29 of the Amended Complaint.

## COUNT VI

### (Loss of Consortium)

30. Lilly repeats and realleges its answers in Counts I through V above.

31. Lilly is without knowledge as to the first sentence of Paragraph 31. Lilly denies the remaining allegations in Paragraph 31 of the Amended Complaint.

## COUNT VII

### (Survivorship – Negligent Failure to Warn)

32. Lilly repeats and realleges its answers in Counts I through VI above.

33. Lilly denies the allegations in Paragraph 33 of the Amended Complaint.

34. Lilly denies the allegations in Paragraph 34 of the Amended Complaint.

35. Lilly denies the allegations in Paragraph 35 of the Amended Complaint.

## COUNT VIII

### (Survivorship – Negligent Failure to Test)

36. Lilly repeats and realleges its answers in Counts I through VII above.

37. Lilly denies the allegations in Paragraph 37 of the Amended Complaint.

38. Lilly denies the allegations in Paragraph 38 of the Amended Complaint.

## COUNT IX

### (Survivorship – Strict Liability)

39. Lilly repeats and realleges its answers in Counts I through VIII above.

40. Lilly denies the allegations in Paragraph 40 of the Amended Complaint.

## COUNT X

### (Survivorship – Breach of Warranty)

41. Lilly repeats and realleges its answers in Counts I through IX above.

42. Lilly denies the allegations in Paragraph 42 of the Amended Complaint.

## COUNT XI

### (Survivorship – Misrepresentation)

43. Lilly repeats and realleges its answers in Counts I through X above.

44. Lilly denies the allegations in Paragraph 44 of the Amended Complaint.

## GENERAL DENIAL

Lilly admits that Plaintiff seeks the relief requested in the WHEREFORE paragraphs following paragraph 44 of Plaintiff's Amended Complaint, but denies that Plaintiff is entitled to judgment, or any such relief, from Lilly. Lilly specifically denies those allegations contained in the Amended Complaint that are not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Lilly reserves the right to amend its Answer to Plaintiff's Amended Complaint and/or amend or add defenses to conform to such facts as may be revealed in discovery or otherwise. Without assuming the burden of proof of such defenses that it would not otherwise have, Lilly affirmatively asserts the following defenses:

## FIRST DEFENSE

The Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Amended Complaint are preempted by federal statutes and regulations having the force of law.

## THIRD DEFENSE

The claims set forth in the Amended Complaint are barred because Plaintiff's alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Lilly had no control.

## FOURTH DEFENSE

The claims set forth in the Amended Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to diethylstilbestrol.

## FIFTH DEFENSE

The claims set forth in the Amended Complaint are barred by the learned intermediary doctrine and/or the sophisticated user doctrine.

## SIXTH DEFENSE

Plaintiff's claims are subject to the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement (Second) of Torts, Section 402A, comments j and k, and Sections 4 and 6 of the Restatement (Third) of Torts: Products Liability.

**SEVENTH DEFENSE**

The claims set forth in the Amended Complaint are barred because the methods, standards and techniques used in formulating diethylstilbestrol and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time diethylstilbestrol was manufactured.

**EIGHTH DEFENSE**

The claims set forth in the Amended Complaint are barred because the foreseeable therapeutic benefits of diethylstilbestrol outweighed any foreseeable risks of harm.

**NINTH DEFENSE**

The claims set forth in the Amended Complaint are barred by the doctrine of informed consent and assumption of risk.

**TENTH DEFENSE**

The claims set forth in the Amended Complaint are barred because Lilly breached no warranty, express or implied, to Plaintiff or to Deidra Pace's mother.

**ELEVENTH DEFENSE**

The claims set forth in the Amended Complaint are barred by the applicable statutes of limitation and/or repose.

**TWELFTH DEFENSE**

Plaintiff's causes of action are barred in whole or in part by the lack of a defect as any product allegedly ingested by Deidra Pace's mother was properly prepared in accordance with the applicable standard of care.

### THIRTEENTH DEFENSE

Plaintiff's alleged damages were not caused by any failure to warn on the part of Lilly.

### FOURTEENTH DEFENSE

Each item of economic loss alleged in the Amended Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, from collateral sources.

### FIFTEENTH DEFENSE

To the extent applicable, Lilly is entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiff's alleged injuries and damages.

### SIXTEENTH DEFENSE

The design, testing, and labeling of diethylstilbestrol was in conformity with the generally recognized and prevailing state of the art, i.e., the best technology reasonably available in the industry at the time diethylstilbestrol was first sold to any person not engaged in the business of selling such product.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff was, or should have been, aware of the known risks associated with the use of diethylstilbestrol.

### EIGHTEENTH DEFENSE

Plaintiff's Amended Complaint is defective in that Plaintiff has failed to join indispensable parties.

### NINETEENTH DEFENSE

Plaintiff failed to give adequate or timely notice to Lilly of any alleged breach of

- 9 -

warranty after Plaintiff discovered or should have discovered such alleged breach and is, therefore, barred from any recovery for such claims.

## TWENTIETH DEFENSE

Should Lilly be held liable, which liability is specifically denied, Lilly would be entitled to a set-off of all sums of money received or available from or on behalf of any tortfeasors for the same injuries alleged in the Amended Complaint.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred and preempted by Lilly's compliance with the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

## TWENTY-SECOND DEFENSE

There is no privity between Plaintiff and Lilly; therefore, Plaintiff is barred from bringing any claims in which privity is an element. Further, Plaintiff's warranty claims are barred because Plaintiff did not rely on any alleged warranty from Lilly and/or did not timely notify Lilly of any alleged breach of warranty.

## TWENTY-THIRD DEFENSE

The alleged injuries to Plaintiff are not the result of any act or omission of Lilly but, rather, result from an act of God.

## TWENTY-FOURTH DEFENSE

Any alleged injuries cause by diethylstilbestrol (which causal connection Lilly has denied and continues to deny) are not the result of any act or omission of Lilly, but rather the result of the misuse of diethylstilbestrol by Plaintiff's mother, which misuse bars Plaintiff from any recovery against Lilly.

**TWENTY-FIFTH DEFENSE**

If Plaintiff sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

**TWENTY-SIXTH DEFENSE**

Lilly had no duty to warn about any possible dangers in using diethylstilbestrol that were not known at the time of manufacture and sale of the product.

**TWENTY-SEVENTH DEFENSE**

Any damages sustained by Plaintiff were caused by or contributed to by modification, alterations or maintenance of diethylstilbestrol after said prescription drug left the care, custody or control of Lilly, which was not reasonably expected by Lilly.

**TWENTY-EIGHTH DEFENSE**

Lilly denies any negligence or wrongdoing, denies it is liable under any theory of strict liability, and denies that diethylstilbestrol contributed to Plaintiff's alleged injuries, losses or damages.

**TWENTY-NINTH DEFENSE**

Plaintiff's product liability causes of action are barred because diethylstilbestrol was consistent with or exceeded consumer expectations.

**THIRTIETH DEFENSE**

Plaintiff's breach of warranty claims are barred by the Uniform Commercial Code as enacted in Louisiana.

**THIRTY-FIRST DEFENSE**

To the extent applicable, Lilly specifically asserts the defenses of comparative negligence and comparative assumption of risk. To the extent that Lilly contributed to Plaintiff's damages, if any, then Lilly asserts the application of La. Civ. Code art. 2323.

**THIRTY-SECOND DEFENSE**

Lilly avers that its medication has no characteristic that renders it unreasonably dangerous in a reasonably anticipated use as defined by the Louisiana Products Liability Act, (the "LPLA").

**THIRTY-THIRD DEFENSE**

Lilly specifically pleads the applicability and exclusivity of the LPLA, and specifically avers that Plaintiff is not entitled to recovery under any of the exclusive theories of liability set forth in the LPLA.

**THIRTY-FOURTH DEFENSE**

Lilly specifically avers the applicability of La. R.S. 9:2800.59, and avers that its medication was designed, manufactured, packaged, labeled, sold, and distributed in conformity with the then existing reasonably available scientific and technological knowledge, and, therefore it can have no liability in the premises.

**JURY DEMAND**

Defendant Eli Lilly and Company demands a trial by jury on all issues.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Lilly prays as follows:

1.  That Plaintiff's Amended Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

2. That Lilly be awarded its costs and disbursements herein to be taxed as provided by law.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

 /s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783-8400; Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

- 13 -

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 9th day of April, 2008, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036

**Attorneys for Plaintiff**

   /s/ John Chadwick Coots
**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**