THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS PACE, Individually, and as Personal Representative of the Estate And Beneficiaries of DIEDRA PACE, Deceased,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>ELI LILLY AND COMPANY,<br><br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)　CIVIL ACTION No. 1:07-CV-00635<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT CASE STATUS REPORT

COME NOW the parties, by and through counsel, and provide the following update with regard to the status of this case:

1.　On April 9, 2008, the parties notified the Court that the parties had reached an agreement to resolve this matter without further Court intervention, and respectfully requested that the Court vacate the Status Hearing Scheduled for April 15, 2008. *See* Joint Motion to Vacate Status Conference (Docket No. 21). More specifically, the parties asked for a period of thirty days (until May 9, 2008) to file a stipulation of dismissal. *Id.*

2.　On the same day, this Court issued a Minute Order granting the parties' Joint Motion to Vacate Status Conference. The Minute Order vacated the interim status conference set for Tuesday, April 15, 2008.

3.　While the Court did not expressly order the parties to file their stipulation of dismissal by May 9, 2008, the parties wish to inform the Court why they are still unable to stipulate to the dismissal of this matter.

4. As the Court is aware, this is a wrongful death action which involves the interest of minor children. The minor children are citizens of Louisiana.

5. According to the D.C. Code, if the minor child is entitled to receive more than $3,000 under the terms of an agreement, only the guardian of the estate of the minor "appointed by a court of competent jurisdiction" can receive such money. D.C. Code § 21-120(b).

6. D.C. Code § 21-111 further provides that a guardian of "an infant residing outside of the District of Columbia" is to be "appointed by a court of competent jurisdiction in the State or territory where the infant resides."

7. Under the law of Louisiana, where the minor children in this case reside, a surviving parent, as the children's natural tutor, can file an action for damages based on a delictual obligation without the necessity of qualifying as a tutor or filing a petition of tutorship. La. Code Civ. Proc. art. 4061.1. However, the surviving parent can only compromise a minor's action or right of action after petitioning for and gaining prior approval of such a compromise from the district court of the parish where the parent is domiciled. La. Code Civ. Proc. art. 4265, 4271; *see also Carter v. Fenner*, 136 F.3d 1000, 1007-08 (5th Cir. 1998) (explaining that failure to seek prior judicial approval of a settlement affecting the interests of a minor is fatal because Article 4271 imposes an "affirmative judicial obligation to review a tutor's requests regarding the protected interests of the minor"). Case law interpreting these statutory obligations clearly establishes that state court approval of an agreement affecting the interests of a minor must be obtained before any final agreements are made and *before any federal court approval* of such a settlement. *Id.* at 1008 (finding the settlement void because "the judgment was finalized in federal court before the agreement was approved" by the state court that appointed plaintiff as tutor).

8. The parties are diligently working through the steps described above to have their agreement as to the minor children approved by the appropriate Louisiana state court.

9. Pursuant to the District of Columbia Code, the parties will then seek this Court's approval of the parties agreement as to the minor children because the agreement will not be valid "unless approved by a judge of the court in which the action is pending." D.C. Code § 21-120(a).

10. The timing by which this process will be completed is unknown because the parties are unable to control the speed of the Louisiana state court docket. The parties can represent to this Court, however, that they are both interested in finalizing their agreement as soon as possible and are working together toward that goal.

11. The parties will report back to this Court on their progress in Louisiana on June 20, 2008, or on an earlier date if the Court so desires.

Respectfully Submitted,

| AARON LEVINE & ASSOCIATES | SHOOK, HARDY & BACON, L.L.P. |
|---|---|
| /s/ Aaron M. Levine | /s/ Michelle R. Mangrum |
| Aaron M. Levine, D.C. Bar No. 7864 | Michelle R. Mangrum, D.C. Bar No. 473634 |
| AARON LEVINE & ASSOCIATES | John Chadwick Coots, D.C. Bar No. 461979 |
| 1320 19th St., N.W., Suite 500 | SHOOK, HARDY & BACON, L.L.P. |
| Washington, D.C. 20036 | 600 14th Street, N.W., Suite 800 |
| **ATTORNEYS FOR PLAINTIFF** | Washington, D.C. 20005-2004 |
| | (202) 783-8400 Telephone |
| | (202) 783-4211 Facsimile |
| | **ATTORNEYS FOR DEFENDANT ELI LILLY AND COMPANY** |

- 4 -

## CERTIFICATE OF SERVICE

        I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 9th day of May, 2008, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036

**Attorneys for Plaintiff**

                                    /s/ Michelle R. Mangrum
                                    **ATTORNEY FOR DEFENDANT**
                                    **ELI LILLY AND COMPANY**